```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           BECKLEY
```

**RICHARD SELVIS JEFFERSON,**

    **Petitioner,**

**v.**                                  **Case No. 5:07-cv-00941**

**T.R. CRAIG, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 17, 2007, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia, and acting pro se, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition")(docket sheet document # 2). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 210-month term of imprisonment, imposed on September 9, 1992 by the United States District Court for the District of New Jersey, for Bank Robbery, in violation of 18 U.S.C. § 2113(d), and for Possession of a Firearm in the Commission of a Bank Robbery, in violation of 18 U.S.C. §

924(c). (# 11, Ex. 1, Attach. 2, Judgment and Commitment Order). Petitioner has filed this petition for a writ of habeas corpus asserting that his federal sentence should have been run concurrently with subsequently imposed state sentences. A brief explanation of the procedural history of Petitioner's criminal cases will be helpful.[1]

On May 30, 1991, Petitioner committed the subject bank robbery that led to his federal charges. That same day, Petitioner was arrested by state authorities in Hudson County, New Jersey, based on numerous state offenses committed immediately after the bank robbery. (Id., Ex. 1, ¶ 5(d)).

Petitioner remained in state custody following his arrest, but was borrowed by federal authorities on various occasions, pursuant to writs of habeas corpus ad prosequendum. (Id., Ex. 1, Attach. 3, U.S. Marshals Form 129). On September 9, 1992, Petitioner was sentenced in the United States District Court for the District of New Jersey to the 210-month term of imprisonment discussed above. (Id., Ex. 1, Attach. 2). Petitioner's Judgment Order was silent as to how Petitioner's sentence would run in relation to his then yet to be imposed state sentence. Petitioner was then returned to state custody. (Id., Ex. 1, Attach. 3).

---

[1] This information is taken from Respondent's Response to the undersigned's Order to Show Cause (# 11).

On April 28, 1993, Petitioner was sentenced by the State of New Jersey to serve a 10-20 year sentence.  (Id., Ex. 1, Attach. 4, State of New Jersey Offender Details, and Attach. 5, State of New Jersey Certificate of Parole).  Petitioner's state sentence was ordered to run concurrently with his federal sentence.

Petitioner remained in state custody until March 4, 2003, when he was released on parole from his state sentence.  (Id., Ex., Attach. 3-5).  On that date, Petitioner was taken into federal custody to serve his 210-month sentence.  Petitioner's projected satisfaction date, including consideration of good conduct credit, is August 24, 2018.  (Id., Ex. 1, Attach. 1).

In addition to Petitioner's section 2241 petition for habeas corpus relief, Petitioner has filed a "Motion for Summary Judgment" (# 16), which seeks both habeas corpus relief and compensatory damages, based upon Petitioner's alleged illegal incarceration and the alleged breach of his state court plea agreement.  This motion will be further addressed infra.

## ANALYSIS

According to Petitioner's section 2241 petition, the federal judge who imposed his federal sentence, the Honorable H. Lee Sarokin, and the prosecutors in his federal case were aware that Petitioner was likely to enter a plea agreement in his state case, which would have proposed that the state and federal sentences run concurrently.  Petitioner's petition quotes from his federal

sentencing transcript as follows:

> The Court: Counsel informs the Court, and the Court had been informed previously, that the Hudson County Prosecutor's Office will in all likelihood afford the two defendants a plea agreement, which will involve a recommendation for a term of imprisonment concurrent with the sentence imposed for the instant offense by this Court.

(# 2 at 3-4, ¶ 6). Petitioner further asserts that, "[a]s a result of petitioner's State concurrency to Federal term, the Federal District Court warranted an upward departure as stated:

> The Court: In essence, this provides no additional sanction under the state system for the two armed robberies in Jersey City, as well as the attempted murder of the police officers. Therefore, the full responsibility for this sanction and punishment appears to rest with this Court. Thereby an upward departure.

(Id. at 4, ¶ 7). Judge Sarokin further stated that he anticipated that Petitioner would be moved to a federal prison "in the near future." (Id., ¶ 8). However, after Petitioner was returned to state custody, and was sentenced in the state court, he remained in state custody until the conclusion of the state sentence.

Petitioner's state sentence, based upon his guilty plea to two counts of armed robbery and one count of attempted murder, was imposed on April 28, 1993. Petitioner contends that:

> The plea agreement required that sentencing in all three (3) New Jersey State cases Indictment Nos.: 1577-08-91 (Armed Robbery), 1702-08-91 (Armed Robbery), and 0507-03-92 (Attempted Murder), run concurrently with each other; and with the Federal sentences (150-months for Bank Robbery, 60-months for Weapon used in the commission of Bank Robbery)(210-months total).

(Id. at 5, ¶ 11). Petitioner's petition further asserts:

4

> Since the State terms were ran concurrent with the Federal terms, the two terminated about the same time (depending on how 'good conduct' time and jail credits is calculated in the two (2) different systems; both prison terms should have terminated on March 4, 2003. Nevertheless, as of December ___, 2007, petitioner remains incarcerated at the Federal Correctional Institution-Beckley, West Virginia, on a sentence that <u>has already been fully served.</u>

(<u>Id.</u> at 6, ¶ 16)(emphasis in original). Petitioner adds: "Because petitioner's primary custody was State, the sentences were served together in the East Jersey State Prison (Rahway, New Jersey), not in a Federal Prison." (<u>Id.</u> at 8, ¶ 18).

### A. Petitioner's sentences were properly executed and Petitioner is not entitled to a <u>nunc pro tunc</u> designation.

The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). However, under certain circumstances, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commence while the prisoner is in state custody. <u>See</u> <u>United States v. Evans</u>, 159 F.3d 908, 911-912 (4th Cir. 1998)(a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal

sentence.")  This process is known as a "nunc pro tunc designation."

Respondent's Response to the Order to Show Cause asserts that Petitioner's federal sentence commenced on March 4, 2003, when he was paroled from his state sentence, and that "[a]ny contention that Petitioner's federal sentence commenced earlier is without merit." (# 11 at 3). The Response further states:

> Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction. The basic principle of primary jurisdiction was explained in United States v. Smith:
>
>> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .
>
> United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993)(quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)(Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence.)

(Id. at 3-4). Respondent asserts that the State of New Jersey

gained primary jurisdiction over Petitioner when they arrested him on May 30, 1991, and did not relinquish that primary jurisdiction until Petitioner was released on parole on March 4, 2003.

Respondent further asserts that a nunc pro tunc designation is not appropriate in Petitioner's case.  As noted by Respondent, in accordance with the holding in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the BOP must consider an inmate's request for a nunc pro tunc designation of his state and federal sentences, considering the factors set forth in 18 U.S.C. § 3621(b), but the BOP is not obligated to grant such a designation.

Petitioner has requested a nunc pro tunc designation, which was denied by the BOP on the basis that Petitioner's federal judgment was silent on the issue of whether the federal sentence was to run concurrently or consecutively to any state sentence, which was yet to be imposed.  In the process of making this determination, the BOP received a letter from the Probation Office for the United States District Court for the District of New Jersey, indicating that the federal sentence was intended to run consecutively to the state sentence.  (# 11, Ex. 1, Attach. 7, Letter from U.S. Probation Office dated October 14, 2003).

Respondent contends that, under 18 U.S.C. § 3584(a), where terms of imprisonment are imposed on a defendant at different times, the terms are to run consecutively, unless the court orders that the terms run concurrently.  See United States v. Saunders,

No. 96-4932, 1998 WL 539482 (4th Cir., Aug. 25, 1998), cert. denied, 526 U.S. 1011 (1999)(attached to Respondent's Response)(in accordance with section 3584(a), where state and federal terms are imposed on different occasions and federal sentence is not specified as consecutive or concurrent, federal sentence is consecutive to state sentence). (# 11 at 5-6).

Petitioner's Reply asserts that Respondent's interpretation of section 3584(a) is incorrect. (# 13 at 11). Petitioner states:

> The opening sentence of Section 3584(a) establishes that this statu[t]e applies where multiple terms of imprisonment are imposed on a defendant at the same time, or where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. The presumption established by the last two sentences of Section 3584(a) must be read in light of this limiting language at the beginning of the section. As defendant was neither subject to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him. McCarthy, 146 F.3d 118, 121, 122; nor does consecutive sentences apply to Plaintiff's 210-month term.

(Id.)

Petitioner is correct that the federal court was without authority to order that his federal sentence be run consecutively to his then yet to be imposed state sentence. See United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006). However, that does not change the fact that, because Petitioner was in the primary custody of state authorities, his federal sentence did not begin to run until he was released on parole by the state authorities and taken

into federal custody, absent a discretionary nunc pro tunc designation by the BOP. It is not this court's province to review the discretionary decisions of the BOP.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's request for a nunc pro tunc designation was properly considered and was denied under the BOP's discretion, and that Petitioner is not in custody in violation of the Constitution, laws or treaties of the United States and, thus, is not entitled to habeas corpus relief under 28 U.S.C. § 2241. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** both Petitioner's Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (# 2) and Petitioner's Motion for Summary Judgment (# 16), to the extent that it seeks habeas corpus relief, and dismiss this matter from the court's docket.

**B. Petitioner's Motions For Summary Judgment and Default Judgment Must be Denied.**

On February 27, 2008, Petitioner filed a "Motion to Amend and Supplement Primary Motion and Pleading and Finalize/Grant Summary Judgment," etc. (# 14), which refers to his habeas corpus arguments, and also attempts to add claims that he is entitled to compensation for the period of his incarceration, computed at the rate of $1,086.95 per minute.

On April 7, 2008, Petitioner filed a document entitled

"Affidavit of Material Facts" (# 15), which states that Petitioner sent "Proofs of Claims" to The Honorable Elaine Davis, Judge of the Superior Court of Hudson County, New Jersey, Davarup Rastogi, Assistant Prosecutor for Hudson County, New Jersey, the Honorable H. Lee Sarokin, retired United States District Judge for the District of New Jersey, Jane Myers, Assistant United States Attorney for the District of New Jersey, and William T. Walsh, Clerk of Court, United States District Court for the District of New Jersey. The "Affidavit of Material Facts" further requests that this Court declare "that Federal and State parties from New Jersey and Bureau of Prisons staff have breached a contract that caused Plaintiff irreparable harm. Therefore, Plaintiff is entitled to immediate release, and compensation." (Id. at 7). Petitioner's "Motion for Summary Judgment" (# 16), filed on April 7, 2008, also seeks judgment for Petitioner based on the alleged breach of his state court plea agreement, in addition to Petitioner's request for habeas corpus relief.

This civil action relates only to Petitioner's application for a writ of habeas corpus. In a separate Order entered this same day, Petitioner was informed that if he wishes to seek compensation for claims relating to the conditions of his confinement, including the fact of his confinement, or his alleged breach of contract claim, it will be necessary for him to file a separate civil action. Thus, this court will not entertain those claims in this

case.

On April 28, 2008, Petitioner filed 12 documents in which he moves for entry of default and default judgments against each of the New Jersey State and Federal officials named above for their failure to respond to Petitioner's Motion for Summary Judgment and "Proof of Claims." (## 17-28)[2]. Because Petitioner's Motions to Amend (## 12 and 14) have been denied, there are no claims for damages pending in this court, and the officials named in Petitioner's Motions for Entry of Default and Motions for Default Judgment have not been served with process or required to respond in any way in this court. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's Motions for Entry of Default and Motions for Default Judgment (## 17-28), and Petitioner's Motion for Summary Judgment (# 16), as related to his claims for damages, lack merit and must be denied. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge

---

[2] On April 29, 2008, the undersigned received a package of documents from Petitioner concerning additional action taken by the United States District Court for the District of New Jersey concerning Petitioner's "Affidavits of Proof of Claims." It appears that the District Court in New Jersey filed these documents in Petitioner's criminal case, Crim. No. 91-266, and that the Government filed a Response and Motion to Dismiss for Lack of Jurisdiction, asserting that Petitioner's "Affidavits of Proof of Claims" should be treated as a section 2241 petition, and that the New Jersey court lacked jurisdiction over Petitioner's custodian. The Honorable Peter G. Sheridan, United States District Judge for the District of New Jersey entered an Order deeming Petitioner's "Affidavits of Proof of Claims" as a section 2241 petition and denying and dismissing the petition on April 9, 2008.

**DENY** each of those motions.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

|  |  |
|---|---|
|    May 5, 2008   <br>Date | *Mary E. Stanley* (signature)<br>Mary E. Stanley<br>United States Magistrate Judge |